## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

DEXTER AUSTIN CAIN                                                      PLAINTIFF

v.                                                          No. 3:13CV68-MPM-SAA

STATE OF MISSISSIPPI, ET AL.                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Dexter Austin Cain,

who challenges the conditions of his confinement under 42 U.S.C. § 1983. Cain's case was originally

dismissed without prejudice because he did not keep the court informed of his current address. He has

since supplied that address and requested that the court reinstate his case. That motion will be granted.

For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated

when he filed this suit. Having reviewed the merits of the instant case, the court finds that it should be

dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Cain alleges that the Mississippi Department of Corrections has incorrectly computed his time

sheet and that he is being held illegally. Cain pled guilty to the charge of a drive-by shooting and was

sentenced in the Circuit Court of Tunica County, Mississippi on January 22, 2002, to serve a term of

ten years with the Mississippi Department of Corrections. Five of the years were suspended. Cain

was later released on probation, but the Tunica County Circuit Court found on January 19, 2006, that

he had violated the terms of his probation. The court extended the probationary period by four years

and placed Cain back on supervised probation. On November 9, 2006, the court revoked three years

of Cain's suspended sentence for numerous probation violations. On June 8, 2011, the court revoked

four years of Cain's probation after finding he had again violated numerous terms of his probation. In

a petition for a writ of *habeas corpus* filed with the Tunica County Circuit Court, Cain argued that he was being unlawfully held because the revocation of his probation amounts to a "re-sentencing" in excess of his original sentence. The state court rejected Cain's argument, holding that Cain was serving his original sentence, which subjected him to the full ten-year sentence originally imposed. Cain has not sought review of the Circuit Court's decision in the Mississippi Supreme Court. In the present case, Cain seeks release from prison.

### *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the interrelationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,* 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, it is the court's conclusion that plaintiff's success in his claim against the defendants would necessarily draw into question the validity of his conviction or sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*,

114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue.  Cain has made no such showing;

as such, the instant case will be dismissed for failure to state a claim upon which relief could be

granted.

**SO ORDERED**, this, the 28th day of May, 2014.


<u>**/s/ Michael P. Mills**</u>
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**